UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-6<br><br>Plaintiff,<br><br>v.<br><br>STAR HILL HOMEOWNERS ASSOCIATION; SBW INVESTMENT, LLC; NEVADA ASSOCIATION SERVICES, INC.; and SFR INVESTMENT POOL 1, LLC,<br><br>Defendants.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Counter/Cross Claimant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., 2006-6, RICHARD A. PEREZ, SR. an individual, and ROSEMARIE PEREZ, an individual,<br><br>Counter/Cross Defendants. | Case No. 2:16-cv-02561-RFB-PAL<br><br>**ORDER** |

## I.     INTRODUCTION

Before the Court is Counter / Cross Claimant SFR Investment Pool 1, LLC's Motion to Certify a Question of Law to Nevada's Supreme Court. ECF No. 21. For the reasons stated below, the Motion is granted. SFR seeks certification of the following question:

"Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowner's association to provide notices of default to banks even when a bank does not request notice?"

**II.     BACKGROUND**

This case arises out of the foreclosure sale by Star Hills Homeowners Association ("Association") of its lien for delinquent assessments against the real property commonly known as 5020 Piney Summit Ave, Las Vegas, Nevada 89141 (the "Property"). See Complaint ("Compl.") ECF 1 at p.3, ¶ 8; see also SFR's Answer, Counterclaim, Cross-claim ("SFRACC"), ECF 20 at p.9, ¶1. The complaint alleges Star Hill Homeowners Association's sale did not extinguish the deed of trust because BACK Home Loans Servicing, LP's ("BAC") tender satisfied the super-priority lien and NRS chapter 116 violates the Fourteenth Amendment's Due Process clause. Id. ¶¶ 37–44, 48. The complaint asserts both a facial and an as-applied constitutional due process challenge to the super-priority lien foreclosure statutes. SFR filed a counterclaim for quiet title and injunctive relief. ECF No. 20 at 9-17.

The Parties' pleadings, including BNY Melon's Complaint, ECF No. 1, and SFR's Answer, Counterclaim and Cross-Claim, ECF No. 20, set forth the following facts:

In 1991, Nevada adopted Uniform Common Interest Ownership Act as NRS 116, including NRS 116.3116(2). In 1993, Nevada amended NRS 116, repealing a portion of NRS 116.31168, and enacting NRS 116.31163 and 116.31165. In October of 2004, the Association recorded its declaration of Covenants, Conditions, and Restrictions (CC&Rs) in the Official Records of the Clark County Recorder as Instrument Number 20041014000678.

On January 31, 2006, a Grant, Bargain, and Sale Deed was recorded transferring the Property to Richard A. Perez, Sr. and Rosemarie Perez. On the same day, a Deed of Trust naming Countrywide Home Loans, Inc. as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and Recontrust Company ("Recontrust") as trustee, was recorded. On February 5, 2010, the Perezes became delinquent on their Association dues and the Association, through its agent Nevada Association Services, Inc. ("NAS"), recorded a Notice of Delinquent

Assessments. On May 5, 2010, the Association, through NAS, recorded a Notice of Default and Election to Sell. On January 19, 2011, the Association, through NAS, recorded a Notice of Sale.

On August 26, 2011, an assignment was recorded by Bank of America N.A. ("BANA"), stating that MERS transferred its interest in the Deed of Trust to BNY Mellon. On August 26, 2011, Recontrust recorded a Substitution of Trustee, identifying BNY Mellon as the new trustee. Recontrust also recorded a Notice of Default and Election to Sell under the Deed of Trust. On December 30, 2011, Recontrust recorded a Certificate State of Nevada Foreclosure Mediation Program allowing the Beneficiary of the Deed of Trust to proceed with foreclosure. Recontrust also recorded a Notice of Trustee's Sale.

On May 15, 2012, the Association, through NAS, recorded a second Notice of Sale. On September 15, 2012, the Association's foreclosure sale was held, and SBW Investment, Inc. ("SBW") purchased the property. On September 20, 2012, the Association, through NAS, recorded a Foreclosure Deed vesting title in SBW. The Foreclosure Deed stated that the Association foreclosure sale complied with "all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessments and Notice of default and the posting and publication of the Notice of Sale." On April 5, 2013, SBW recorded a Grant, Bargain, Sale Deed transferring title to SFR.

On October 1, 2015, Nevada amended NRS 116 to explicitly require homeowners' associations to provide parties with recorded interests with notice of default and notice of sale even when notice has not been requested.

On November 4, 2016, BNY Mellon filed its Complaint, naming the Association, SBW, NAS, and SFR as defendants. BNY Mellon requests, *inter alia*, a declaration from the Court that the Association Foreclosure Sale did not extinguish the Deed of Trust (and its associated priority interest) and that the Deed of Trust maintains its priority interest encumbering the Property. Alternatively, BNY Mellon seeks a declaration that the Association Foreclosure Sale is void. BNY Mellon alleged that the foreclosure procedures were unconstitutional in that they denied due process.

On January 3, 2017, SFR filed its answer and brought counter-claims against BNY Mellon and the Perezes asking, *inter alia*, for declaratory relief and quiet title. SFR alleges that BNY Mellon had actual notice and received the Association's Notice of Default and Notice of Sale. Therefore, SFR requests a declaration that the Deed of Trust was extinguished by the sale pursuant to the Nevada Supreme Court decision in <u>SFR Investments Pool 1, LLC v. U.S. Bank, N.A.</u>, 334 P.3d 408, 419 (Nev. 2014), and SFR has title free and clear of the deed of trust.

On August 12, the Ninth Circuit held NRS chapter 116's "opt-in" notice scheme violates the Fourteenth Amendment's due process clause because it allows a lender to be stripped of its deed of trust without requiring actual notice of the intent to foreclose. <u>Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.</u>, 832 F.3d 1154, 1157–58 (9th Cir. 2016), <u>r'hng denied</u> (9th Cir. Nov. 4, 2016). The Court in <u>Bourne Valley</u>, in interpreting the then-applicable notice provision in NRS 116.31163, held that Nevada law did not mandate actual notice to mortgage lenders whose rights are subordinate to a homeowner's association super priority lien. See <u>id.</u> at 1159. Importantly, the Court did not and could not rely upon any controlling state law as to the requirements of notice under state law as to NRS 116.31163. Relying upon its own analysis of Nevada's statutory foreclosure statutes, the Court found that although NRS 116.31168(1) incorporated NRS 107.090, which mandated actual notice to subordinate lien holders, the notice provision in NRS 116.31163(2), requiring notice only to those who "notified the association, 30 days before recordation of the notice of default, of the security interest," controlled, and because full incorporation of the NRS 107.090 would "render superfluous" the notice provision of NRS 116.31163(2), the statute could not be read to require the notice relevant to the constitutional challenge.

The Nevada Supreme Court, on January 26, 2017, issued its opinion in <u>Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A.</u>, 388 P.3d 970 (Nev. 2017). In the opinion, the Nevada Supreme Court disagreed with the *Bourne Valley* Court on the issue of whether due process was implicated, holding that due process was not implicated in an association non-judicial foreclosure sale for lack of state action. <u>Id.</u> at 974,

n.5. Because the Nevada Supreme Court concluded due process was not implicated, it stated that it "need not determine whether NRS 116.3116 et seq. incorporates the notice requirements set forth in NRS 107.090." Id.

### III. LEGAL STANDARD

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion or upon the motion of any party to the cause." Nev. R. App. P. 5(a)—(b). Under Rule 5, the Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and . . . [where] it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). Rule 5 also provides that a certification order must specifically address each of six requirements:

(1) The questions of law to be answered;

(2) A statement of all facts relevant to the questions certified;

(3) The nature of the controversy in which the questions arose;

(4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;

(5) The names and addresses of counsel for the appellant and respondent; and

(6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

### IV. DISCUSSION

The Court finds that certification to the Nevada Supreme Court is warranted in this case because the pending claims and counterclaims may be resolved, in part, by a determination of whether NRS 116.31163-116.31168 and, by incorporation, NRS 107.090 required associations to provide notice to the recorded beneficiary of a deed of trust, which is subordinate to the super-

- 5 -

priority portion of an association lien for assessments under NRS 116.3116(2), and what notice must be provided. See SFR, 334 P.3d at 419. While the Ninth Circuit has construed the statute and determined that it is unconstitutional as "opt-in" only, this Court is cognizant that it did so in the absence of controlling precedent or construction from the Nevada Supreme Court. And, where there is no controlling precedent from the state, and the interpretation of state law is controlling, then the federal court's determination is controlling. See Huddleston v. Dwyer, 322 U.S. 232, 236 (1944). However, if the state court disapproves of the interpretation given by the federal court, then the federal courts must follow the interpretation by the state court. See id.; see also Owen v. United States, 713 F.2d 1461, 1464 (9th Cir.1983) (a federal court's construction of state law is "only binding in the absence of any subsequent indication from the [state appellate] courts that our interpretation was incorrect."). As recognized by the Ninth Circuit, "[i]t is solely within the province of the state courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. Of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001). This is why questions of state law should be resolved in the first instance by the state's highest court. Huddleston, 322 U.S. at 237. Because the Nevada Supreme Court declined to reach the issue of notice in Saticoy Bay, there is no controlling precedent from that Court. A decision by the Nevada Supreme Court on the instant issue would provide this Court with guidance as to how to address the issue of notice, including actual notice, and how to apply Bourne Valley in this case. Additionally, disputes over the scope of discovery may be impacted by the answer to the question.

Because the relevant facts are set forth above, the Court addresses whether the issue "may be determinative of the cause" as well as the remaining five requirements.

**(1) May Be Determinative of the Cause**

Among other claims, the Complaint seeks quiet title on the ground that NRS 116's "scheme of HOA superpriority non-judicial foreclosure violates BNY Mellon's procedural due process rights." If the statute was facially unconstitutional, the sale pursuant to the statute was invalid, and the central dispute in this matter—the validity of the foreclosure sale and title to the property—would probably be resolved in favor of the Plaintiff.

**(1) The Question of Law to be Answered**

The Court certifies the following question: *"Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on Oct 1, 2015?"*

**(3) The Nature of the Controversy in which the Question Arose**

As stated above, this case is a dispute as to the validity of a homeowners' association foreclosure sale made pursuant to the foreclosure statute found facially unconstitutional in <u>Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.</u>, 832 F.3d 1154, 1157–58 (9th Cir. 2016), <u>r'hng denied</u> (9th Cir. Nov. 4, 2016). That ruling relied on the federal circuit panel's own interpretation of the notice requirement under Nevada law. The complaint, filed after the <u>Boerne Valley</u> decision, alleges that the statute is facially unconstitutional, and unconstitutional as applied.

**(4) A Designation of the Party or Parties who will be the Appellant(s) and the Party or Parties who will be the Respondent(s) in the Supreme Court;**

The moving defendants / cross-claimants SFR Investment Pool 1, LLC, and Star Hill Homeowners Association are designated as Appellants, and plaintiff The Bank of New York Mellon is designated as Respondent.

**(5) The names and addresses of counsel for the appellant and respondent; and**

**<u>Counsel for Appellant SFR Investments Pool 1, LLC</u>**
Jacqueline A. Gilbert
Nevada Bar No. 10593
Kim Gilbert Ebron
7625 Dean Martin Drive, Suite 110
Las Vegas, NV 89139
702-485-3300
Fax: 702-485-3301
Email: jackie@kgelegal.com

Diana Cline Ebron
Kim Gilbert Ebron
7625 Dean Martin Drive, Suite 110
Las Vegas, NV 89139
(702) 485-3300
Fax: (702) 485-3301
Email: diana@kgelegal.com

KIM GILBERT EBRON
7625 Dean Martin Drive, Suite 110
Las Vegas, Nevada 89139
Phone: 702-485-3300
Fascimile: 702-485-3301

**Counsel for Appellant Star Hill Homeowners Association (if it chooses to participate)[1]**

Kurt R. Bonds, Esq.
Nevada Bar No. 6228
Email: efile@alversontaylor.com

ALVERSON, TAYLOR, MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
Phone: 702-384-7000

**Counsel for Respondent The Bank of New York Mellon f/k/a The Bank of New York, As Trustee for the Certificate holders of CWABS, Inc., Asset backed Certificates, Series 2006-6**

Ariel E. Stern
Nevada Bar No. 8276
Akerman LLP
1160 Town Center Drive
Suite 330
Las Vegas, NV 89144
702-634-5000
Fax: 702-380-8572
Email: ariel.stern@akerman.com

Darren T. Brenner, Esq
Nevada Bar No. 8386
Email: Darren.brenner@akerman.com

Rex Garner
Nevada Bar No. 9401
Akerman LLP
1160 Town Center Drive, Ste. 330

---

[1] The Court notes that Star Hill Homeowners Association did not appear in the case until February 10, 2017, after full briefing on SFR's motion to certify. See Answer to Complaint [ECF 32.] No one appeared at the hearing on behalf of the association

- 8 -

Las Vegas, NV 89144
Email: rex.garner@akerman.com

AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Phone: 702-634-5000
Facsimile: 702-380-8572

**(6) Any other matter that the certifying court deems relevant**

The Court has fully laid out the relevant facts and legal questions.

## V.     CONCLUSION

**IT IS THEREFORE ORDERED** that the following question is CERTIFIED to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

The Court will certify the following question, "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 required a homeowner's association to provide notices of default and/or sale to persons or entities holding a subordinate interest even when such persons or entities did not request notice, prior to the amendments that took effect on Oct 1, 2015?"

**IT IS FURTHER ODERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. See Nev. R. App. P. 5(d).

**DATED** this 21st day of April, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**