1

2

3

4

# UNITED STATES DISTRICT COURT

5

## DISTRICT OF NEVADA

6

\* \* \*

7

8  THE BANK OF NEW YORK MELLON FKA        Case No. 2:16-cv-02561-RFB-BNW
   THE BANK OF NEW YORK, AS TRUSTEE
   FOR THE CERTIFICATEHOLDERS CWABS,      **ORDER**
9  INC. ASSET-BACKED CERTIFICATES,
   SERIES 2006-6

10

                                  Plaintiff,

11

12        v.

   STAR HILL HOMEOWNERS
13 ASSOCIATION; SBW INVESTMENT, LLC;
   NEVADA ASSOCIATION SERVICES, INC.;
14 and SFR INVESTMENT POOL 1, LLC,

15                               Defendants.

16 SFR INVESTMENTS POOL 1, LLC,

17                     Counter/Cross Claimant,

18        v.

19 THE BANK OF NEW YORK MELLON FKA
   THE BANK OF NEW YORK, AS TRUSTEE
20 FOR   THE   CERTIFICATEHOLDERS   OF
   CWABS, INC., 2006-6, RICHARD A. PEREZ,
21 SR. an individual, and ROSEMARIE PEREZ, an
   individual,

22
                     Counter / Cross Defendants.
23

24     **I.     INTRODUCTION**

25
          Before the Court are Plaintiff Bank of New York Mellon's ("BNYM") Motion for
26
   Summary Judgment, Defendant Star Hill Homeowners Association's (the "HOA")Motion for
27
   Summary Judgment, and Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for
28

Summary Judgment, and SFR's Motion for Default Judgment as to Richard A. Perez and Rosemarie Perez (the "Perezes"). For the following reasons, the Court denies BNYM's motion, grants SFR's motion for summary judgment and the HOA's motion for summary judgment, and grants SFR's motion for default judgment.

## II.     PROCEDURAL BACKGROUND

Plaintiff BNYM filed its complaint in this matter on November 4, 2016. ECF No. 1. The complaint sought declaratory relief that a nonjudicial foreclosure conducted pursuant to Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its interest on the property. Id. BNYM brought claims for quiet title/ declaratory judgment against all defendants, and breach of NRS 116.3116 and wrongful foreclosure against the HOA and Defendant Nevada Association Services ("NAS"). Id.  SFR answered the complaint and asserted a counterclaim for quiet title against BNYM and crossclaims against the Perezes on January 3, 2017. ECF No. 20. The Perezes were served on February 3, 2017. ECF Nos. 30, 31.

On January 4, 2017, SFR moved to certify a question to the Nevada Supreme Court. ECF No. 21. The Court granted the motion on the record at a hearing on March 10, 2017. ECF No. 36. The Court stayed the case in light of the certified question on May 10, 2017. ECF No. 45. On December 21, 2018, the Court lifted the stay in light of the Nevada Supreme Court's resolution of the certified question. ECF No. 50. The Clerk of  the Court entered default against the Perezes on April 25, 2019. ECF No. 61. BNYM then moved for summary judgment on April 25, 2019. EFC No. 58. ECF The motion was fully briefed. ECF Nos. 71, 74. The HOA also moved for summary judgment. ECF No. 62. A response was filed. ECF No. 70. Finally, SFR also moved for summary judgment and for default judgment against the Perezes. ECF Nos. 63, 64. The summary judgment motion was fully briefed. ECF Nos. 69. 75.

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed fact.

### a. Undisputed Facts

The Perezes purchased real property located at 5020 Piney Summit Avenue, Las Vegas, Nevada 89141 (the "Property"). The property was subject to the conditions, covenants, and restrictions ("CC&Rs") of the HOA, which required the Perezes to pay dues. The purchase was financed with a $315,412.00 loan from Countrywide Home Loans. The loan was secured by a deed of trust recorded on January 31, 2006. In August 2011, the deed of trust was assigned to BNYM, then to Green Tree Servicing LLC in October 2015, and then to BNYM in July 2016.

In January 2010, the HOA hired Defendant Nevada Association Services ("NAS") to collect on the Perezes' delinquent account. NAS sent a letter concerning the delinquent account on January 20, 2010. At the time the letter was sent, monthly assessments were $32.85, and the Perezes were five months delinquent, owing $164.25. The HOA, through NAS, proceeded to record a notice of delinquent assessment lien in February 2010, followed by a notice of default and election to sell on May 5, 2010. The amounts owed were $888.96 and $2142.11 respectively. Neither notice specified the superpriority portion of the lien or indicated whether the HOA wished to foreclose on the superpriority lien.

After the HOA recorded its notice of delinquent assessment lien and notice of default, the Perezes sent a $454 payment to NAS in June 2010. The HOA had a written collections policy in effect at the time that required that "[a]ll payments received by the Association, regardless of the amount paid, will be directed to the oldest assessment balance first, until such time all assessment balances are paid, and then to late charges, interest, and costs of collection unless otherwise specified by written agreement." When NAS received the Perezes' payment, it disbursed $300

toward collection costs and $154 to the HOA.

In 2010, then-loan servicer BAC Home Loans Servicing, LP, ("BAC") through its counsel Miles, Bauer, Bergstrom & Winters LLC ("Miles Bauer") sent a letter dated June 10, 2010 to NAS requesting the superpriority amount of the lien. NAS responded with a general ledger or statement of account identifying the total amount due. Based on the $32.85 monthly assessment identified in NAS's ledger, Miles Bauer, on behalf of BAC, calculated the amount of nine months' worth of assessments to be $295.65, and sent that amount to NAS on August 26, 2010. NAS received the check but rejected it.

In January 2012, the Perezes filed for bankruptcy. They were discharged in April 2012, but the bankruptcy remained open until June 2012. Before the bankruptcy was closed, NAS recorded a second notice of sale in May 2012. NAS never sought and was never granted relief from the automatic stay of the Perezes' bankruptcy.

On September 14, 2012, the HOA held the sale. Nonparty SBW Investment LLC ("SBW") purchased the property for $6,750. SFR acquired the property from SBW in 2013.

### b. Disputed Facts

The Court finds there to be no material disputed facts.

## IV.   LEGAL STANDARD

### a. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light

most favorable to the nonmoving party. <u>Gonzalez v. City of Anaheim</u>, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. <u>Zetwick v. Cty. of Yolo</u>, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### b. Default Judgment

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. <u>Eitel</u>, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the

complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

The Court finds that all of BNYM's claims are time-barred and grants SFR's motion for default judgment.

### a. Statute of Limitations

SFR argues that BNYM's claims are barred by the statute of limitations. BNYM argues that SFR waived its statute of limitations argument, and that its claims are not time-barred. Because SFR raised the affirmative defense of the statute of limitations in its answer, the Court finds that the defense has not been waived. The Court now addresses the merits of the argument.

For statute of limitations calculations, the clock begins on the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." Id. In this case, the foreclosure sale was on September 14, 2012. The Court thus finds that all of BNYM's claims began to run on the date of the foreclosure sale as these claims all stem from issues or disputes regarding the sale and its effect. BNY filed its complaint on November 4, 2016.

SFR argues that BNYM's claims are time-barred pursuant to the statute of limitations under NRS 11.190(3), which provides a three-year statute of limitations for actions founded upon a statute. Nev. Rev. Stat. § 11.190(3). The Court agrees that BNYM's claims are time-barred by NRS 11.190(3), but only to the extent that BNYM's claims relate to a right protected by NRS

- 6 -

116.3116 and the violation of that right. <u>Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n</u>, 381 F.Supp.3d 1289, 1293 (D. Nev. 2019). Accordingly, the Court finds that BNYM's breach of NRS 116.3116 and wrongful foreclosure claims are time-barred. Insofar as BNYM's remaining claim relies on equity and constitutional arguments, it falls within the four-year catch-all provision at NRS 11.220. However, those claims are also time-barred, as Plaintiff filed its complaint on November 4, 2016—about three weeks after the statute of limitations expired. Accordingly, the Court grants summary judgment to SFR on BNYM's quiet title claim and to the HOA on BNYM's breach of NRS 116.3116 and wrongful foreclosure claims.

### b. SFR's Motion for Default Judgment

In considering the seven <u>Eitel</u> factors, the Court finds default judgment against the Perezes is warranted. The first and sixth factors warrant granting default judgment because the Perezes have failed to appear in this matter, prejudicing SFR from obtaining clarification as to ownership of the property. Likewise, the failure to appear for more than three years suggests that the Perezes could not demonstrate excusable neglect if they were to appear now.

The second, third, and seventh factors also counsel in favor of granting default judgment. The Court finds based upon the undisputed allegations that the foreclosure sale by the HOA extinguished the Perezes' interest in the property. See <u>Bank of America v. SFR Investments Pool 1, LLC ("Diamond Spur")</u>, 427 P.3d 113, 121 (Nev. 2018).

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR's Motion for Summary Judgment (ECF No. 63) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Star Hill Homeowners Association's Motion for Summary Judgment (ECF No. 62) is GRANTED as to Plaintiff's second and third

causes of action. The Court dismisses Plaintiff's breach of NRS 116.3116 and wrongful foreclosure claims as time-barred.

**IT IS FURTHER ORDERED** that Plaintiff Bank of New York Mellon's Motion for Partial Summary Judgment (ECF No. 58) is DENIED.

**IT IS FURTHER ORDERED** that Defendant SFR's Motion for Default Judgment is GRANTED. The Court declares that Richard A. Perez, Sr. and Rosemarie Perez, and any of their successors and assigns have no right, title or interest in the property and that SFR is the rightful title owner of the property.

**IT IS FURTHER ORDERED** that the $500 cash deposit (ECF No. 19), plus any accrued interest, be returned to the Legal Owner designated in the certificate.

**IT IS FURTHER ORDERED** that the notices of lis pendens filed in this case (ECF Nos. 3, 22) are expunged.

The Clerk of the Court is instructed to close the case.

**DATED** March 31, 2020

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**